LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

SCOTT R. DININ, P.A.
Scott R. Dinin
*(to be admitted pro hac vice)*
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Fax: (786) 431-1311
*Attorney for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MARK B. LASSER, *on behalf of himself and all others similarly situated*,

        Plaintiff,

        -against-

NEDERLANDER ORGANIZATION, INC.,
HAMILTON UPTOWN LIMITED LIABILITY COMPANY,
BASELINE THEATRICAL LIMITED LIABILITY COMPANY,
and JOHN DOES #1-4,

        Defendants,

Case No.:

**CLASS ACTION COMPLAINT**

---

Plaintiff, MARK B. LASSER (hereafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Class Action Complaint against Defendants, NEDERLANDER ORGANIZATION, INC. (hereafter "NEDERLANDER"), HAMILTON UPTOWN

LIMITED LIABILITY COMPANY (hereafter "HAMILTON UPTOWN"), BASELINE THEATRICAL LIMITED LIABILITY COMPANY (hereafter "BASELINE"), JOHN DOES #1-4, and states as follows:

## INTRODUCTION

1. This class action seeks to end the systemic civil rights violations committed by Defendants NEDERLANDER ORGANIZATION, INC., HAMILTON UPTOWN LIMITED LIABILITY COMPANY, BASELINE THEATRICAL LIMITED LIABILITY COMPANY and JOHN DOES #1-4 (hereafter collectively as "Defendants"), against blind and visually-impaired individuals in New York and across the United States. Defendants are denying blind and visually-impaired individuals throughout the United States equal access to the services it offers in its theatres.

2. Many individuals who are blind or visually-impaired enjoy watching musicals in theatres and engaging in this classic part of American cultural life. Audio description technology is essential to the live musical experience for blind individuals, so that they will know what is happening in scenes without dialogue or scenes that include significant visual elements.

3. To use audio description at a musical, a blind individual wears a headset and listens to audio description that contains narration of the visual elements of the scene synchronized with the musical. Without audio description, blind individuals watching a musical do not know what is happening in scenes without dialogue and may misunderstand the meaning of other scenes. Thus, audio description is essential for the blind viewer's live theatre experience.

4. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers that deny blind persons the accommodations, advantages, facilities, privileges and services of places of public accommodation, such as live musical theatres.

5. On September 22, 2016, Plaintiff contacted the Box Office to inquire interpretation services for the blind and visually impaired in order to attend the musical,

"Hamilton", at Richard Rodgers Theatre in New York. However, the Box Office informed Plaintiff that interpretation services were not available. Unless Defendants provide audio description services, Plaintiff and Class members will continue to be unable to enjoy the service provided in Richard Rodgers Theatre.

6. Through its failure to provide functional audio description technology and services, Defendants are excluding blind individuals from full and equal access to its services in Richard Rodgers Theatre.

7. Plaintiff notified Defendants of these barriers and attempted to resolve this matter without a lawsuit. However, Defendants failed to remedy the ongoing discriminatory practices.

## JURISDICTION

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA").

## VENUE

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c).

10. Defendants are registered to do business in New York State and have been doing business in the Southern District of New York. Defendant NEDERLANDER owns and operates Richard Rodgers Theatre in the Southern District of New York.

11. Defendants are subject to personal jurisdiction in the Southern District of New York. Defendants have been and are committing a substantial part of the acts alleged herein in the Southern District of New York, have been and are violating the rights of consumers with disabilities in the Southern District of New York, and have been and are causing injury to consumers with disabilities in the Southern District of New York. A substantial part of the acts

and omissions giving rise to Plaintiff's claims have occurred in the Southern District of New York.

## PARTIES

12. Plaintiff MARK B. LASSER is blind and currently resides in Colorado, Denver. Plaintiff contacted the Box Office of "Hamilton" to inquire about interpretation services for the blind and visually impaired in order to attend the musical "Hamilton" at the Richard Rodgers Theatre, which is located at 226 W 46th St, New York, NY 10036. However, the Box Office informed Plaintiff that interpretation services were not available for the blind and visually impaired who desire to attend the musical "Hamilton" in New York. Plaintiff seeks full and equal access to the goods and services provided by Defendants through the musical "Hamilton".

13. Defendant NEDERLANDER ORGANIZATION, INC. is an American for-profit corporation organized under the laws of New Jersey, with a process of service address at 1450 Broadway, New York, New York, 10018. NEDERLANDER owns and/or operates Richard Rodgers Theatre, which is located at 226 W 46th St, New York, New York 10036. Richard Rodgers Theatre encompasses 1,319 seats and has provided live musical shows to millions of individuals, but fails to make its services accessible to blind individuals by providing audio description equipment and services. NEDERLANDER has denied Plaintiff the full use and enjoyment of the facilities, goods, and services of Richard Rodgers Theatre in New York.

14. Defendant HAMILTON UPTOWN LIMITED LIABILITY COMPANY is an American for-profit corporation organized under the laws of New York, with a process of service address at 145 West 45th Street, 7th Floor, New York, New York, 10036. HAMILTON UPTOWN is the producer of the Broadway production of "Hamilton" and the owner of the HAMILTON trademark and copyrights.

15. Defendant BASELINE THEATRICAL LIMITED LIABILITY COMPANY is an American for-profit corporation organized under the laws of New York, with a process of service address at 145 West 45th Street, 7th Floor, New York, New York, 10036. BASELINE is the

management company of the musical "Hamilton". BASELINE provides services and guidance in financial management and long-term production planning for the musical "Hamilton".

16. Upon information and belief, Defendants JOHN DOES #1-4 constitute other entities that have ownership interests in the musical "Hamilton" and/or participated in the operation of the musical "Hamilton", and are jointly and severally liable together with the corporate Defendants.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2), and alternatively, (b)(3), on behalf of all blind individuals and individuals with a visual impairment that substantially limits the major life activity of seeing, in the United States, who have attempted to enjoy the musical "Hamilton" at Richard Rodgers Theatre.

18. The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

19. There are common questions of law and fact involved affecting the parties to be represented in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' goods, facilities, and services due to the lack of provision and maintenance of audio description required by law for persons with disabilities.

20. The claims of the named Plaintiff are typical of those of the class.

21. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, including class actions brought under the Americans with Disabilities Act.

22. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

23. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

24. References to Plaintiff shall be deemed to include the named Plaintiff and each member of the Class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

25. Defendants own or operate the musical "Hamilton", which is one of the most successful Broadway musicals. Around 350,000 people have attended the musical "Hamilton" at Richard Rodgers Theatre.

26. Despite this strong record of providing entertainment to thousands of Americans, Defendants fail to provide equivalent services to individuals who are blind or visually-impaired. Defendants have refused to provide audio description at the venue which shows the musical, "Hamilton".

27. Properly functioning audio description technology provides audio descriptions of the visual elements of the musical. Such narrative must be provided live for live theatres in order to be synchronized with the acting on the stage. Theatres deliver audio description to blind customers through audio description devices. To access audio description, a theatre provides a blind customer with a small receiver, which the blind customer can connect to his or her own headphones or headphones that the theatre provides. The headset receiver is battery-operated and programmed to wirelessly receive the audio description for the specific musical the individual has bought a ticket to watch.

28. The audio description technology is widely used in entertainment industries such as movies theaters. On November 21, 2016, Attorney General of the United States signed a final rule under the ADA to require covered movie theaters to have and maintain the equipment necessary to provide audio description at a movie patron's seat. Given the similarities of the

movie venue with the live theatre venue, live theatres must also be required to provide live audio description to the blind.

29. Although the audio description technology is readily available, Defendants refused to provide audio description service to customers.

30. This case arises out of Defendants' policy and practice of denying blind and visually-impaired individuals access to its musical showings, through its failures to provide audio description devices.

31. Numerous individuals who are blind or visually-impaired enjoy going to live theatres, and have attempted to access Defendants' services. These individuals have repeatedly been unable to fully and equally enjoy the musical, "Hamilton", in Richard Rodgers theatre because Defendants fail to provide audio description services. These failures deny these individuals full and equal access to the musical, "Hamilton".

32. Plaintiff LASSER has encountered great difficulty accessing services provided by Richard Rodgers theatre. In September 2016, Plaintiff contacted the box office of Defendant's theatre to inquire about accessibility aids for blind and visually impaired who desire to attend the musical, "Hamilton." However, the box office informed Plaintiff that no audio description will be provided to the blind and visually impaired.

33. The denial of effective audio description equipment and services at Richard Rodgers Theatre has deterred and will continue to deter blind and visually impaired people from attending musicals. Defendants are violating basic equal access requirements under the ADA by failing to provide audio description services. Defendants must be compelled to provide live audio description. Because Plaintiff recognizes the logistics required to arrange for live narration to synchronize with live theatre, Plaintiff believes that at least one show per week must be made available with at least 25 headsets available for each such show, subject to increase based on demand.

## FIRST CAUSE OF ACTION

**Violation of Title III of the Americans with Disabilities Act (42 U.S.C. § 12181, *et seq.*)**

**(on Behalf of the Named Plaintiff and the Class)**

34. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

35. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of places of public accommodation. 42 U.S.C. § 12182.

36. Defendants own, operate, lease, manage and produce the musical, "Hamilton" at Richard Rodgers Theatre, which is a place of public accommodation within the statutory definition. 42 U.S.C. § 12181(7)(C).

37. Title III prohibits entities that own, operate, lease, or lease to places of public accommodation from denying an individual or class of individuals with disabilities the opportunity to participate or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a).

38. Title III prohibits entities that own, operate, lease, or lease to places of public accommodation from affording an individual or class of individuals with disabilities the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); 28 C.F.R. § 36.202(b).

39. By failing to provide any audio description system, Defendants are excluding Plaintiff from participating in and benefiting from the goods, services, facilities, privileges, advantages, and accommodations of the live musical show, "Hamilton", in violation of Title III. Defendants further violate Title III because it is providing Plaintiff and blind individuals with live musical experience that is not equal to that afforded to other individuals when audio description devices are not made available.

40. Under Title III, entities that own, operate, lease, or lease to places of public accommodation must take the steps necessary to ensure that no individuals with disabilities are excluded, denied services, or otherwise treated differently than others because of the absence of auxiliary aids and services, unless doing so would fundamentally alter the services provided or create an undue burden. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

41. Audio description is an auxiliary aid under Title III of the ADA. Defendants have further violated Title III by failing to take the steps necessary to ensure that blind and visually-impaired persons are not excluded from its services because of the absence of audio description.

42. It is a violation of Title III for entities that own, operate, lease, or lease to places of public accommodation to fail to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the modification would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

43. By failing to modify practices, policies, and procedures to ensure that audio description service is provided, Defendants are violating Title III.

44. The actions of Defendants were and are in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, and regulations promulgated thereunder. Many blind and visually-impaired individuals, including Plaintiff, have been and continue to be denied full and equal access to the musical "Hamilton". Defendants have failed to take the necessary steps to provide full and equal access to blind and visually-impaired patrons, and Defendants' violations of the ADA are ongoing. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

45. Plaintiff is entitled to injunctive relief. 42 U.S.C. § 12188.

WHEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### Declaratory Relief

### (on Behalf of The Named Plaintiff and the Class)

46. Plaintiff incorporates by reference the foregoing allegations as if set forth fully herein.

47. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and are informed and believe that Defendants deny, that by failing to maintain and provide audio description equipment and services, Defendants fail to comply with applicable laws, including but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*

48. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. A permanent injunction pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, requiring Defendants to take the steps necessary to provide audio description equipment and live narration services once a week with 25 audio sets for each show in Richard Rodgers Theatre for individuals who are blind or visually-impaired.

2. A declaration that Defendants discriminate against blind and visually-impaired persons by failing to provide blind and visually-impaired individuals, including Plaintiff, with full and equal access to the services, facilities, privileges, advantages, and accommodations of the services at Richard Rodgers Theatre in violation of Title III of the ADA, 42 U.S.C. §§ 12181, *et seq.*

3. An order awarding Plaintiff reasonable attorneys' fees and costs, as authorized by 42 U.S.C. § 12188; and

4. For such other and further relief as the Court deems just and proper.

DATED: January 23, 2017

LEE LITIGATION GROUP, PLLC

By: ___/s/ C.K. Lee_____
      C.K. Lee, Esq.

C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

SCOTT R. DININ, P.A.

By: ___/s/ Scott Dinin_____
      Scott R. Dinin, Esq.

Scott R. Dinin
*(to be admitted pro hac vice)*
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
Fax: (786) 431-1311
*Attorney for Plaintiff and the Class*